UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SOUTHERNDOWN, INC.,

                Petitioner,

    -against-

HSS LLC,

                Respondent.

------------------------------------------------------------X

**JUDGE GRIESA**

**11 CIV 8619**

ECF CASE

CASE NO.

RECEIVED
NOV 28 2011
U.S.D.C. S.D. N.Y.
CASHIERS

## PETITION TO CONFIRM ARBITRATION AWARD

1.     Petitioner, Southerndown, Inc. ("Petitioner" or "Southerndown") petitions the Court for an order, pursuant to 9 U.S.C.A. §§ 9, 13, confirming the award of the arbitrator Mr. John Madden in the matter of the arbitration between Petitioner and respondent HSS LLC ("Respondent" or "HSS"), made on November 17, 2011 (the "Award"), and directing that judgment be entered accordingly.  A copy of the Award is attached as Exhibit 1 to the accompanying affidavit of Olga Smelkova dated November 23, 2011 ("Smelkova Affidavit"), and incorporated herein by reference.

### Jurisdiction

2.     The Court has jurisdiction over this matter pursuant to 9 U.S.C.A. § 9 and 28 U.S.C.A. § 1332.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.

### Venue

3.     Venue is proper in the Court pursuant to 9 U.S.C.A. § 9 as the Award was made in New York, New York.  (Smelkova Aff., Ex. 2, p. 39.)

### Background

4.       At all times mentioned, Petitioner was, and still is, a corporation duly organized and existing under the laws of the State of New York, formed for the single purpose of acquiring a full-floor penthouse located on the 78th floor of the Time Warner Building's South Tower, with its principal office located in PH 78, at Time Warner (South Tower), One Central Park Condominium, 250 Columbus Circle, New York, New York.  (Smelkova Aff., ¶ 2.)

5.       At all times mentioned Respondent was, and still is, a corporation duly organized and existing under the laws of the State of New Jersey, with its principal office located in Upper Montclair, Essex County, New Jersey.  (Smelkova Aff., Ex. 1.)

6.       Petitioner and Respondent entered into a written letter of agreement dated May 26, 2009 (the "Agreement"), by which Petitioner engaged Respondent for the purpose of redesign, construction, decoration and furnishing of a full-floor penthouse located on the 78th floor of the Time Warner Building's South Tower, New York, New York.  A copy of the Agreement is attached as Exhibit "2" to the Smelkova Affidavit, and incorporated herein by reference.  (Smelkova Aff., ¶ 3.)

7.       The Agreement evidences a transaction involving commerce within the meaning of 9 U.S.C.A. §§ 1, 2, as Petitioner, a New York company, contracted with HSS, a New Jersey LLC, for work and services to be performed by HSS in Manhattan, New York.  (Smelkova Aff., Ex. 2.)

8.       The Agreement contains an arbitration clause which, among other things, specifies that the "award rendered by the arbitrators shall be final, and judgment may be entered upon in accordance with applicable law in any court having jurisdiction thereof."  (Smelkova Aff., Ex. 2, § 9.1.3.)

9.      A dispute arose between Petitioner and Respondent in which Petitioner claimed *inter alia*, breach of the Agreement and fraudulent inducement.  (Smelkova Aff., ¶ 5.)

10.     Pursuant to the arbitration clause of the Agreement, Petitioner filed a Demand for Arbitration on January 26, 2010 with the American Arbitration Association (the "AAA").  The case was assigned to the AAA's International Centre for Dispute Resolution, Case No. 50 110 T 00057 10.  Mr. John Madden was appointed as the Arbitrator by Petitioner and Respondent. (Smelkova Aff., ¶ 6.)

11.     On November 17, 2011, after holding fourteen (14) days of hearings at which both parties appeared and after considering all the evidence, the Arbitrator made his Award in writing.  (Smelkova Aff., Ex. 1.)

12.     No notice of a motion to vacate, modify, or correct the Award has been filed.

## Legal Standard

13.     "[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  D.H. Blair & Co. v. Gottdiener, 462 F.2d 95, 110 (2d Cir. 2006) (internal quotation marks omitted).  "[T]he court must grant the award unless the award is vacated, modified, or corrected…The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  Id. (quoting Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir. 1991)); see 9 U.S.C. § 12.

WHEREFORE, Petitioner requests an order:

1.      Confirming the Award made by the arbitrator on November 17, 2011 in the above-entitled proceedings;

2.    Directing the entry of judgment on the Award in favor of Petitioner and against Respondent for the sum of $3.146,243.50, plus interest at the rate of five percent (5%) per annum to date of full payment of the Award; and

3.    Granting Petitioner such other and further relief as the court deems just and proper.

Dated: New York, New York
      November 28, 2011

SALISBURY & RYAN LLP

By: _____
    Andrew Ryan, Esq.
    Matthew Feser, Esq.
1325 Avenue of the Americas, 7th Floor
New York, New York 10019
Telephone:  (212) 977-4660
Facsimile:  (212) 977-4668

COUNSEL FOR PETITIONER
SOUTHERNDOWN, INC.