UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
SOUTHERNDOWN, INC.,

                    Petitioner         11 Civ. 8619 (TPG)

      – against –                      **OPINION**

HSS LLC,

                    Respondent.
------------------------------------------------x

In this case, Southerndown, Inc. ("Southerndown") petitions the court for an order, pursuant to 9 U.S.C. §§ 9, 13, confirming the arbitration award issued in its favor on November 17, 2011 in an arbitration between it and respondent HSS LLC ("HSS").

Petitioner's arbitration award is confirmed.

## Background

Southerndown is a New York corporation organized for the purpose of acquiring a penthouse on the 78th Floor in the South Tower of the Time Warner Building for the residence of Mr. Andrey Vavilov and Mrs. Mariana Vavilov. HSS is a New Jersey corporation organized to facilitate the interior design business of its owner and operator, Howard Slatkin.

The Vavilovs and Mr. Slatkin entered into a letter of agreement ("LOA") in 2009 whereby Mr. Slatkin was to design and furnish the penthouse ultimately acquired by the Vavilovs through Southerndown. The LOA provided that any

dispute between the parties was to be decided by an arbitrator.

As the budget for the penthouse project began to shrink, disputes arose between the parties, and a claim for arbitration was ultimately submitted on January 26, 2010. Under several legal theories, Southerndown sought the return of $2,842,558.16 held by HSS as a retainer, as well various sums for expenditures and liens relating to the penthouse. It also sought punitive damages on the ground that HSS had fraudulently induced Southerndown to enter the contract. For its part, HSS sought to keep the balance of the retainer.

John Madden was appointed to arbitrate the dispute, and he issued a decision after presiding over thirteen evidentiary hearings in which more than 500 exhibits were presented. Mr. Madden first concluded that a contract had been formed between the parties, notwithstanding the lack of a definitive agreement on such issues as the budget for the penthouse project, the design scheme for the penthouse, and the scope of the project. He then determined that Southerndown had not proven its claim of fraudulent inducement. Finally, he concluded that HSS had materially breached the contract between the parties by failing to properly notify Southerndown regarding certain expenses charged to the penthouse project by an architectural form. As a result, the arbitrator held that that HSS was not entitled to any benefit under the contract, such that it must return the retainer to Southerndown. The arbitrator also awarded a portion of the remaining monetary relief sought by petitioner, as well as interest, yielding a total award of $3,146,243.50.

On November 28, 2011, petitioner filed this action to confirm its

arbitration award. It seeks an order confirming the award and directing judgment against respondent in the total of $3,146,243.50 at an annual interest rate of 5% until full payment, per the terms of the award. HSS has not opposed this petition and has notified the court that it has no intention of doing so.

**Discussion**

A petition to confirm an arbitration award is treated as a motion in federal court. See D.H.Blair & Co. v. Gottdiener, 462 F.3d 95, 108 (2d Cir. 2006). Accordingly, when a respondent fails to oppose such a petition, the proper procedure is not to enter default judgment, but to treat the petition as an unopposed motion for summary judgment. See id. at 110. Thus the court must scrutinize the record before it to determine whether petitioner is entitled to the relief it seeks. See id. However, the court should defer to the arbitrator's decision so long as there is a "barely colorable justification" for it. See Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stain Less, Inc., No. 07 Civ. 3202, 2008 U.S. Dist. LEXIS 22402, at *2 (E.D.N.Y. Mar. 18, 2008).

The award in the underlying arbitration action surely meets this standard. After reviewing the petition and the underlying arbitration award, the court is struck by the exhaustive fact-finding undertaken by Mr. Madden and his careful findings. It cannot be doubted that the arbitration award was issued in a lawful and prudent exercise of Mr. Madden's powers as an arbitrator.

## Conclusion

For the foregoing reasons, petitioner's arbitration award is confirmed. Judgment should be entered in the amount of $3,146,243.50, with interest payable at an annual rate of 5% until the judgment is paid in full.

Dated: New York, New York
       January 27, 2012

*Thomas P. Griesa*
Thomas P. Griesa
U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/12
```